**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                        **CRIMINAL ACTION NO. 3:14-CR-01-01
(JUDGE GROH)**

**TIMICO CONSTINE JOHNSON,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR BOND

On April 9, 2014, Defendant filed a "Motion for Bond." [Doc. 50]. Defendant moved this Court to grant him bond because he argues that he does not pose a significant flight risk and has significant ties to the community. Defendant's counsel requests a hearing in this matter. The United States did not file a response.

### I. Background

On January 23, 2014, a Northern District of West Virginia Grand Jury returned an indictment against Defendant. On January 24, 2014, Magistrate Judge Seibert issued an arrest warrant. On January 31, 2014, Defendant was arrested.

On February 3, 2014, Magistrate Judge Seibert held a hearing on the United States' Motion to Detain Defendant. After reviewing the evidence and Pretrial Services Report, Magistrate Judge Seibert found by clear and convincing evidence that Defendant has family and community ties to the area, but his past criminal history and actions revealed he would be a danger to the community and no bond conditions could be set to reasonably ensure

1

the safety of the community. Therefore, he ordered that Defendant be detained. On February 10, 2014, Defendant filed a Motion for Appeal/Review of Detention Order.

On February 28, 2014, this Court denied Defendant's Motion for Appeal/Review of Detention Order. Specifically, this Court found by clear and convincing evidence that Defendant was a danger to the community and that no condition or combination of conditions would reasonably assure the safety of the community if Defendant was released pending trial.

On March 31, 2014, Defendant entered a plea of guilty before Magistrate Judge Seibert. On April 7, 2014, this Court scheduled a sentencing hearing for June 16, 2014. Subsequently, on April 9, 2014, Defendant filed a motion for bond. The United States did not file a response. Therefore, this issue is ripe for the Court's review.

## II. Discussion

### A. Legal Standard

Congress created a presumption in favor of detention for a defendant who is awaiting sentencing. 18 U.S.C. § 3143(a)(1). Therefore, the Court must "order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained, unless the [court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . ." Id.

### B. Analysis

Defendant has requested motion for bond pending his sentencing hearing. Defendant has presented no evidence or circumstances in support of his motion.

Instead, Defendant simply states that he "does not pose a significant flight risk and has significant ties to the community."

To qualify for the relief requested, Defendant must produce clear and convincing evidence that he is not a flight risk or danger to the community. 18 U.S.C. § 3143(a)(1). Defendant has failed to meet this burden. Although this Court found in its previous Order affirming Magistrate Judge Seibert's detention order that Defendant was not a flight risk, this Court found that Defendant posed a danger to the safety of other persons and the community if released. Defendant does not argue in his motion for bond that he is no longer a danger to other persons or the community.

In this case, Defendant was charged with a serious crime involving conspiracy to distribute and distribution of a controlled substance, cocaine base. Defendant pled guilty to Count Three of the Indictment charging that on or about May 17, 2013, within the Northern District of West Virginia, he aided and abetted the distribution of a quantity of cocaine base. Additionally, the Pretrial Services Report revealed Defendant's lengthy criminal record, including charges for resisting an officer, battery, assault in the second degree, public intoxication, and distribution of cocaine. Also, Defendant committed the acts in Count Three of the Indictment while being actively supervised by the State of West Virginia for a delivery of cocaine charge.

Although the Pretrial Services Report indicated Defendant had some family and community ties to the area, the Court noted that Defendant's criminal history contained several crimes of violence. On June 3, 1994, at the age of twenty four, Defendant was charged with carrying a dangerous weapon. On October 4, 1994, Defendant was charged with resisting an officer and battery. On March 6, 1997, at the age of twenty-

six, Defendant was charged with assault in the second degree.  On August 10, 1999, at the age of twenty-nine, Defendant was charged and pled guilty to battery.   On February 17, 2012, Defendant, at the age of forty-one, was charged with delivery of cocaine.  He pled guilty to the offense and was incarcerated as a result.  Then, while being supervised by the State of West Virginia for the delivery of cocaine charge, he committed the current actions of aiding and abetting the distribution of cocaine base.

Therefore, Defendant is subject to detention while awaiting his sentencing hearing.  In reviewing this matter, the Court does not find that Defendant has met his burden to show that he is not likely to flee or pose a danger to the safety of any other person or the community if released.  Defendant has a lengthy criminal history including several crimes of violence.  Defendant committed the offense while being supervised by the State of West Virginia for an unrelated drug offense.  Additionally, a confidential informant was used to conduct controlled buys from Defendant, and there is a risk of danger posed to the confidential informant.  Therefore, Defendant's criminal history and his participation in the instant offense reveals a danger to the community, and the Court does not find, by clear and convincing evidence, that Defendant is not a danger to the safety of other persons or the community.  Accordingly, this Court finds that Defendant should be detained pending his sentencing hearing.

### III.  Conclusion

Therefore, for the reasons stated above, this Court **DENIES** Defendant's Motion for Bond and request for a hearing.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** April 29, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE